# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN GORDON,<br><br>            Plaintiff,<br><br>     v.<br><br>ROBIN L. CRAVER, FREDERICK C. SWENSEN, and TOWN OF CHARLTON,<br><br>            Defendants. | CIVIL ACTION<br>NO. 4:17-cv-40013-DHH |

## Order

### April 29, 2019

Hennessy, M.J.

     Pending before the Court is a motion by Plaintiff Alan Gordon for reconsideration of the Court's March 25, 2019 Order granting summary judgment in favor of Defendants Robin L. Craver, Frederick C. Swensen, and Town of Charlton (together, "Defendants"). See dkt. no. 60 (motion for reconsideration); dkt. no. 59 (summary judgment Order). Defendants oppose Plaintiff's motion, and Plaintiff has submitted a reply in further support of the requested relief. Dkt. no. 61 (opposition); dkt. no. 62 (reply). For the reasons that follow, Plaintiff's motion is DENIED.

     Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e)

     Federal Rule of Civil Procedure 59(e) authorizes a party to move to alter or amend a judgment. See Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007). "Rule 59(e) motions are granted only where the movant shows a manifest error or law or newly discovered evidence." Id. (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2

(1st Cir. 2005)).  Pursuant to Federal Rule of Civil Procedure 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  Here, Plaintiff seeks reconsideration under Rule 59(e) of summary judgment in favor of Defendants, alleging the existence of a genuine issue of material fact and newly discovered evidence.

"Before addressing the merits of Plaintiff's Rule 59(e) [m]otion, the Court must first address Defendants' argument that the motion must be denied as untimely."  Annobil v. Worcester Skilled Care Ctr., Inc., No. 11-40131-TSH, 2014 WL 7384758, at *1 (D. Mass. Dec. 29, 2014).  As noted above, "[a] Rule 59(e) motion is timely if it is filed within twenty-eight days of the judgment's entry."  Vacquería Tres Monjitas, Inc. v. Comas-Pagán, 772 F.3d 956, 958 (1st Cir. 2014) (citing Fed. R. Civ. P. 59(e)).  And while a court may, in certain instances and for good cause, extend a party's time to file a motion, the Rule 59(e) "deadline is mandatory; '[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e).'"  Brigham & Women's Hosp., Inc. v. Perrigo Co., 251 F. Supp. 3d 285, 290 (D. Mass. 2017) (quoting Fed. R. Civ. P. 6(b)(2)).  In other words, "[t]he Court is without power to extend the deadline beyond the time provided in the rule."  Annobil, 2014 WL 7384758, at *1 (citing Grandoit v. Robinson, No. 11-11404-JLT, 2013 WL 6488506, at *1 (D. Mass. Dec. 5, 2013)).

Judgment in this action was entered on March 25, 2019.  Dkt. no. 59.  Plaintiff filed his motion for reconsideration on April 23, 2019.  Dkt. no. 60.  "Because Plaintiff's Rule 59(e) motion was filed on the 29th day following the entry of judgment, the motion is untimely." Annobil, 2014 WL 7384758, at *1; see also Vacquería, 772 F.3d at 958 (concluding a motion for reconsideration filed twenty-nine days after entry of judgment, like here, is untimely).  This Court "need not reach the merits of the [Rule 59(e)] motion" if it was not timely submitted.

Aitcheson v. Holder, No. 15-11123-NMG, 2015 WL 10434871, at *1 (D. Mass. Dec. 31, 2015) (citing Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 226 (1st Cir. 1994) ("Under First Circuit precedent, an untimely Rule 59(e) motion may be dismissed summarily by the trial court.")). Accordingly, Plaintiff's Rule 59(e) motion is denied as untimely.

Plaintiff's Motion for Reconsideration

A party seeking relief from a final judgment may do so pursuant to Federal Rule of Civil Procedure 60(b). The Rule authorizes, in the Court's discretion, relief from a final judgment upon satisfaction of one of several stated grounds for relief. Fed. R. Civ. P. 60(b). A motion for reconsideration should be granted when: "(1) the moving party presents newly discovered evidence that is material to the court's decision; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust." O'Hara v. Diageo-Guinness, USA, Inc., No. 15-14139-MLW, 2019 WL 1437910, at *2 (D. Mass. Mar. 30, 2019) (citing United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

"Courts should not, however, permit motions for reconsideration to be used as vehicles for pressing arguments that could have been asserted earlier . . . ." O'Hara, 2019 WL 1437910, at *2 (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." Annobil, 2014 WL 7384758, at *2 (quoting Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3 (1st Cir. 2014)). Indeed, Rule 60(b) is not a substitute for Rule 59(e): the former's design allows courts to address mistakes attributable to special circumstances, whereas Rule 59(e) allows courts to correct errors of law. See Equilease Fin. Servs., Inc. v. Fincastle Leasing, Inc., 305 F. App'x 291, 294 (7th Cir. 2008). "Thus, a party who seeks relief under [Rule 60(b)] must establish, at the very least, 'that his motion is timely;

3

that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" Rivera-Velazquez, 750 F.3d at 3–4 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).

Plaintiff claims the Court's analysis amounts to a manifest error of law because Plaintiff was not directly employed by Defendants, but rather the Planning Board.[1] Dkt. no. 60, at p. 3. For this reason, in his view, the conditional privilege was not applicable to communications from Defendants to the Planning Board. I disagree. The conditional privilege is not restricted to the employer-employee relationship. See, e.g., Sheehan v. Tobin, 93 N.E.2d 524, 528 (Mass. 1950) ("This defen[s]e of conditional privilege is applied usually in cases where information is sought from an employer as to the qualifications or character of a[n] . . . employee.") (emphasis added). Generally, the defense is applicable "where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it." Foley v. Polaroid Corp., 508 N.E.2d 72, 79 (Mass. 1987) (quoting Sheehan, 93 N.E.2d at 528).[2] Here, regardless of what entity is identified as Plaintiff's immediate employer, the Defendants had a

---

[1] At the same time, Plaintiff notes in his Reply that the Planning Board is part of the Town. See dkt. no. 62, at p. 2.

[2] Plaintiff also takes issue with the Court's secondary analysis respecting the apparent truth of the alleged defamatory remarks. Dkt. no. 60, at p. 5. He argues that the Court ignored the summary judgment standard and improperly weighed the evidence and decided an issue of fact. The following explains the Court's analysis on this point. It is established that conditionally privileged statements are "actionable only if they are false, and were made when knowingly false or in reckless disregard of their truth or falsity." Kilnapp Enters., Inc. v. Mass. State Auto. Dealers Ass'n, 47 N.E.3d 31, 37 (Mass. App. Ct. 2016) (citing In re Retailers Commercial Agency, Inc., 174 N.E.2d 376, 379–80 (Mass. 1961)). Here, the summary judgment demonstrates that at the time the statements were made, neither Craver nor Swensen knew or recklessly disregarded information that Plaintiff allegedly was using accrued vacation or personal time to teach. To the contrary, the record shows that Defendants' requests for information concerning Plaintiff's working hours were rebuffed both by Plaintiff and the Planning Board. See, e.g., dkt. no. 39-7, at pp. 50–51 (containing Swensen's 2016 email to Plaintiff requesting justification of his working hours and the Planning Board's response). Indeed, Plaintiff testified during his deposition that he never told Craver or any of the Selectmen, including Swensen, that he was teaching during Town Hall hours, and that the Planning Board authorized him to do so. See Gordon Dep at 252:3–12. His testimony further acknowledges the absence of itemized

4

duty to protect the budget and ensure that those whose salaries come from taxpayer dollars are discharging their job responsibilities. Reporting evidence of job absences, as Defendants did here, is ineluctably within that duty. Similarly, the Planning Board had an identical interest in Plaintiff properly discharging his duties. In the end, Plaintiff's disagreement with the Court's finding of a common interest between Defendants and the Planning Board is insufficient to support a motion for reconsideration. See Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852–53 (1st Cir. 2006) (noting that "simple disagreement with the court's decision is not a basis for reconsideration").

Plaintiff further argues that the alleged existence of an email from the Planning Board to the Worcester Telegram & Gazette[3]—which corroborates Plaintiff's deposition testimony by stating that Plaintiff used personal and vacation time to teach at Worcester State University—was not provided by Defendants in discovery, and constitutes newly discovered evidence material to the Court's summary judgment decision. Dkt. no. 60, at pp. 2–8. Specifically, Plaintiff argues that "[t]he Court's granting of summary judgment on Count IV, Defamation, was based on a manifest error of law and was clearly unjust, as more clearly appears in newly discovered evidence material to the Court's decision." Id. at 2.

The Court is not persuaded that this email is newly discovered evidence material to the Court's summary judgment decision. First, as noted above, the Court's decision on Plaintiff's

---

timekeeping records; his weekly timesheets stated total hours worked, but did not provide daily timestamps or hourly breakdowns. Id. at 248:3–13). Thus, Defendants' statements that Plaintiff did not work a full work week, that he was absent from Town Hall while it was open for business, and that surveillance footage captured Plaintiff outside Town Hall during business hours are not contradicted by the summary judgment record or by this new email. Simply, the summary judgment record demonstrates that Craver's and Swensen's remarks were not knowingly false or made with reckless disregard of the truth. At the time the statements were made, neither Craver nor Swensen had reason to believe Plaintiff's absences during business hours were justified (even if such absences truly were).

[3] Plaintiff alleges such email exists because a newspaper article discussing this Court's summary judgment Order claims that the newspaper received an email from the Planning Board in early 2018, well after Plaintiff commenced this action. See dkt. no. 60-1 ¶ 3; id. at p. 6 (copy of article).

defamation claims did not depend on whether or not Plaintiff took vacation or personal time in order to teach. Rather, the Court's holding respecting Count IV was based on the application of conditional privilege. The newly discovered email does not change that analysis or its result, and hence is not material.

Similarly, whether Defendants made statements to the Planning Board that were knowingly false or in reckless disregard of the truth depends on what Defendants knew at the time of the statements they made. Kilnapp, 47 N.E.3d at 37–38. An email from the Planning Board sent in early 2018 to the Telegram & Gazette about what the Planning Board knew is not material to the actionability of Plaintiff's defamation claim. Critical to the Court's analysis respecting Plaintiff's claim is any evidence that was available to Craver and Swensen at the time the alleged defamatory remarks were made, including statements, if any, from the Planning Board to Defendants. A statement to the Telegram & Gazette, communicated after the fact and to a third party, not the Defendants, is for this separate reason not material.

Finally, I reject the argument that the email is "newly discovered" evidence insofar as the summary judgment record already contains the substance of the alleged "new evidence" email. Plaintiff testified at his deposition that he had used vacation and personal time to teach at Worcester State University during Planning Board operational hours. See dkt. no. 39-2, at pp. 40, 62–64 (Gordon Dep. at 157:10–22; 247:1–256:7) In short, the correspondence to the Telegram & Gazette does not contain information that was not already a part of the summary judgment record; it simply restates information that is already there.

Accordingly, Plaintiff's motion for reconsideration pursuant to Rule 60(b) is denied.

<u>Refusals to Consider Plaintiff's Untimely Opposition or Request to
File a Statement of Facts were not based on Misapprehension of Facts or Clearly Unjust</u>

Plaintiff further argues that the Court's denials of Plaintiff's requests for leave to file an opposition to Defendant's partial motion for summary judgment or a statement of facts were based on a misapprehension of facts and were clearly unjust. In support of this contention, he cites "the strong presumption in favor of adjudication of claims on the merits." Dkt. no. 60, at p. 8. Further, he argues that the Court's decisions to deny such requests were predicated on "several factual errors," including an incorrect notation that the Court "allowed Plaintiff several extensions of time" to file an opposition although the Court allowed only "two, not 'several.'" Id. at 11.

Plaintiff's arguments are baseless. The record clearly indicates that Plaintiff failed to submit an opposition on or before September 7, 2018.[4] Then, on February 28, 2019, almost six months after the extended deadline Plaintiff expressly sought, Plaintiff filed a motion for an extension of time to file an opposition. Whether on February 28, 2019 Plaintiff intended to file its opposition then and there, or was seeking additional time, is irrelevant. The fact is that half a year after his opposition was due, Plaintiff requested leave to file an untimely opposition. As the Court noted in its March 1, 2019 Order:

> "Flagrant disregard of the procedural requirements established by the federal rules, by the local rules of this district, or by a judge's scheduling order carries with it certain consequences." Corretjer Farinacci v. Picayo, 149 F.R.D. 435, 439 (D.P.R. 1993). To be relieved of these requirements, or to obtain a departure from them, parties and their counsel must present cogent and valid explanations for the relief sought. See id. "The law ministers to the vigilant[,] not to those who sleep upon perceptible rights. Like any litigant, [Plaintiff]

---

[4] On September 4, 2018, after Plaintiff's time to respond to Defendants' motion for summary judgment had already lapsed, Plaintiff moved this Court for a one-week extension of time, to September 7, 2018, to submit opposition to Defendants' motion. Dkt. no. 49. Plaintiff's second request for an extension of time also sought leave to submit an enlarged brief. Dkt. no. 49. On September 6, 2018, I granted the motion, requiring Plaintiff to submit his enlarged opposition by September 7, 2018. Dkt. no. 50.

7

cannot routinely be rewarded for somnolence and lassitude." Puleio v. Vose, 830 F.2d 1197, 1203 (1st Cir. 1987). Indeed, a party who fails to timely oppose a motion for summary judgment does so at its own peril; it may lose its right to file an opposition. Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451–52 (1st Cir. 1992).

Dkt. no. 52, at p. 4. And on March 8, 2019:

[T]he Court denied Plaintiff's motion because Plaintiff's deadline to file an opposition to Defendants' motion for partial summary judgment was September 7, 2018. And while there exists a strong presumption in favor of adjudication of claims on the merits, McKeague v. One World Techs., Inc., 858 F.3d 703, 707 (1st Cir. 2017), which is cited by Plaintiff for that proposition, further explains that "at some point this preference takes a backseat to the important goals of maintaining a fair and orderly adversarial process." Id. at 707. So too here.

Dkt. no. 54 (Order denying additional motion for an extension of time). Granting Plaintiff's request to reconsider the denials for leave to file an untimely opposition would only discredit the Court's procedural rules and safeguards. Litigants are not entitled to their own interpretation of procedural obligations. Procedural requirements exist to maintain a fair and orderly adversarial process. McKeague, 858 F.3d at 707. Neither clear injustice nor misapprehension informed the Court's denial of Plaintiff's motion to file an untimely opposition or factual statement. Accordingly, Plaintiff's motion is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration (dkt. no. 60) is DENIED.

It is so ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge